IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| **Sparta Insurance Company, Inc.,** | ) | Civil Action No. 5:13-cv-03168-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | **FOR DEFAULT** |
| **Pete's Pest Control, Inc., Pete Chaplin,** | ) | **JUDGMENT** |
| **James C. Rayner and Renate Rayner,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter came before the court on the motion of Plaintiff Sparta Insurance Company, Inc. ("Sparta") for Motion of Default Judgment against two Defendants: Pete's Pest Control, Inc. and Pete Chaplin. (ECF No. 25.)

Plaintiff filed this action seeking a declaration of rights under its insurance policy regarding coverage for Pete's Pest Control, Inc. (ECF No. 1), pursuant to 28 U.S.C. § 2201. The court has subject matter jurisdiction in this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

These Defendants were served on December 9, 2013. Defendants failed to answer the complaint or otherwise appear and Plaintiff requested entry of default on January 9, 2014 (ECF No. 19), which the clerk entered on January 10, 2014, (see ECF No. 20).

Because these Defendants are in default, the factual allegations in the complaint against them are admitted and accepted by the court as true. DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 329 (4th Cir. 2008); Ryan v. Homecomings Fin. Network, 523 F.3d 778, 780 (4th Cir. 2001). The following facts are, therefore, admitted:

> Sparta issued its Commercial General Liability policy, policy number 011GL03002, to Pete's Pest Control, Inc. for the period July 2, 2011–July 2, 2012.
>
> When it received the Rayners' Complaint in the underlying lawsuit, Sparta's agent sent a reservation of rights letter to its insured. It agreed to defend the insured in the Rayners' lawsuit. The letter included the following paragraph:

1

> Finally, we ask that you confirm whether Pete's Pest operated with or without work records in connection with the treatment of the Home so that we can supplement SPARTA's coverage position. If Pete's Pest did, indeed, maintain such records, we ask that you provide us with copies of the same. However, please be advised that if Pete's Pest did not or maintain the appropriate work records, there will likely be no coverage for the referenced matter.
>
> Pete's Pest failed to produce the appropriate work records in connection with the treatment of the Rayner property even though the maintenance of such records is explicitly required for coverage under the SPARTA Policy's Monitoring/Treatment Endorsement.
>
> The SPARTA Policy's coverage is also limited by the "Property Damage Extension for Continual Monitoring/Treatment Endorsement" (the "Monitoring/Treatment Endorsement") and its corresponding exclusions.
>
> The Commercial General Liability Coverage Form of the SPARTA Policy also contains an applicable exclusion stating that "This insurance does not apply to . . . "[P]roperty damage" expected or intended from the standpoint of the insured…."

(ECF No. 1.)

Based on these admitted facts, and upon consideration of the Summons and Complaint (ECF Nos. 1, 2, 3, 4), the Acceptance of Service Complaint (ECF Nos. 7, 8, and 9), the Affidavit of Default, the Entry of Default, and the Motion for Default Judgment by Plaintiff, the court finds Defendants Pete's Pest Control, Inc. and Pete Chaplin in default in this matter. Furthermore, based on the terms of Sparta's policy number 011GL03002, the court makes the following declarations:

1. There is no coverage for either Pete Chaplin or Pete's Pest Control, Inc. under the cited Sparta insurance policy because of the insured's failure to: (a) comply with the policy requirement of providing the specified documents which would allow Sparta to investigate and evaluate the claim; (b) meet the conditions of the policy's insuring statement; and (c) establish that it provided treatment as required by the policy;

2. There is no coverage for either of the two Defendants referenced above under the cited Sparta insurance policy because there is no coverage for the underlying causes of action pursuant to the exclusion for expected or intended injury; and

3. Because there is no coverage under Sparta's policy for Pete Chaplin or Pete's Pest Control, Inc., Sparta has no duty to defend either of these Defendants in the tort action regarding that accident. See USAA Property and Cas. Inc. Co. v. Clegg, 661 S.E.2d 791, 797 (S.C. 2009).

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

April 7, 2014
Columbia, South Carolina

3